## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. JAMES Z. HARDMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIV-18-569-M |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| 1. THE PEP BOYS - MANNY, | ) | ATTORNEY LEIN CLAIMED |
| MOE & JACK OF DELAWARE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for his causes of action herein alleges:

## PARTIES

1. The Plaintiff is James Z. Hardman, an adult African-American who, at the pertinent time, resided in Oklahoma County, Oklahoma.

2. The Defendant is "The Pep Boys- Manny, Moe & Jack of Delaware, Inc.", a corporation which is doing business in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's action is one for race discrimination in employment which is prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981 and the Oklahoma Ant-Discrimination Act. Jurisdiction over the federal claim is vested in this Court under 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f)(1). Jurisdiction over the state law claim is granted by 28 U.S.C. § 1367.

4. The majority of the claims, including Plaintiff's termination, arose in Oklahoma County and Defendant is doing business in such county. Oklahoma county is within the Western District of the United States District Courts of Oklahoma wherefore venue is proper in this Court under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

## STATEMENT OF FACTS

5. Plaintiff is an African American man who was employed by the Defendant

from approximately February 10, 2016 until his suspension and termination in March 2017.

6.    Plaintiff was hired to be a service manager by a Human Relations person from Philadelphia, Pennsylvania but almost immediately Defendant's Oklahoma area director (Amber Kuhny, Caucasian) attempted to place Plaintiff in a much lower paying and lesser position. Three (3) Caucasian persons hired at the same approximate time were given service manager/retail manager positions in Tulsa which was Plaintiff's home area. Plaintiff, however, was told that no such positions were available.

7.    On or about April 16, 2016, Plaintiff was placed as a service manager at an Oklahoma City store which was struggling and losing money. At this store, to Plaintiff's recollection, no other employees were African-American.

8.    From the time Plaintiff was placed in the store, Plaintiff was subjected to racial slurs such as 'Nigger', or 'Coon' on a daily basis.

9.    Plaintiff reported this harassment to the Area Directors (Ms. Kuhny and Mr. Jeff Louderback) but they took no corrective action to Plaintiff's knowledge.

10.   Plaintiff sought to discipline the employees who were using racial slurs, but the Area Directors would not allow Plaintiff to terminate, discipline or even give written reprimands to the employees.

11.   The racial conduct was subjectively unwelcome and objectively pervasive and severe to the extent that it made the work environment hostile and abusive. Plaintiff was constantly emotionally upset and drained by his treatment, he suffered anxiety, chest pains and had difficulty sleeping.

12.   On or about September/October 2016 a retail manager (Caucasian) was hired. Although this individual was supposed to be Plaintiff's peer, this person was hired at a salary approximately Ten Thousand Dollars ($10,000) higher than that of Plaintiff.

13.   Plaintiff complained to corporate headquarters and, although an investigator

was sent, to Plaintiff's knowledge, no corrective action was taken.

14.     From the period Plaintiff was hired, Plaintiff was short-handed and did not have sufficient staff. Plaintiff was told that a hiring freeze was in place until the end February 2017 and thus was required to work seven (7) days a week for months.

15.     On March 1, 2017, Plaintiff came in on what was supposed to be an off-day even though Plaintiff felt ill. Plaintiff reported to Mr. Louderback that he was ill and needed to take time off, but Mr. Louderback refused and said Plaintiff was being insubordinate. Plaintiff left the store for a short time to collect himself, but decided that he would work through his physical discomfort and came back to the store. Notwithstanding this, Mr. Louderback suspended Plaintiff.

16.     Shortly thereafter in March 2017, Plaintiff was terminated supposedly for walking off the store and having verbal altercation with his supervisor.

17.     Defendant's reasons for termination are false and the real reason for termination was racial discrimination and retaliation for Plaintiff's complaints of racial discrimination.

18.     On or about March 1, 2017, Plaintiff filed a charge of discrimination with the EEOC.  Defendant responded to such charge identify both its suspension and termination of  Plaintiff. On or about May 16, 2018, the EEOC issued a right to sue letter which was received thereafter. This suit is filed within ninety (90) days of the issuance of the right to sue letter. By such actions Plaintiff has exhausted all administrative requirements under Title VII and Oklahoma's Anti-Discrimination Act (OADA). There is no requirement to exhaust administrative remedies under 42 U.S.C. § 1981.

## COUNT I

Plaintiff incorporates all prior allegations and further alleges:

3

19. Defendant's actions described about constitute harassment and the creation of a hostile work environment based on race. This is a form of racial discrimination prohibited by Title VII of the Civil Rights Act of 1964.

20. The actions described about constitute discrimination based on race both in the form of disparate treatment and pay and are racial discrimination prohibited by Title VII of the Civil Rights Act of 1964.

21. The actions described about, including in particular Plaintiff's termination, were also in retaliation for complaining of racial discrimination which is prohibited by Title VII of the Civil Rights Act of 1964.

22. As the direct result of Defendant's actions, Plaintiff suffered injury in the form of dignitary harm and suffering and lost earnings and benefits past, present and continuing into the future for which Plaintiff is entitled to compensation.

23. Because the actions of Defendant were carried out by managerial level employees and were in willful violation of Plaintiff's rights, Plaintiff is entitled to an award of punitive damages.

**WHEREFORE**, Plaintiff prays that judgment be entered in his favor on Count I of the Complaint herein.

## COUNT II

Plaintiff incorporates all prior allegations and further alleges:

24. Defendant's actions described about constitute harassment and the creation of a hostile work environment based on race. This is a form of racial discrimination prohibited by 42 U.S.C. § 1981.

25. The actions described about constitute discrimination based on race both in the form of disparate treatment and pay and are racial discrimination prohibited by 42 U.S.C. § 1981.

26. The actions described about, including in particular Plaintiff's termination, were also in retaliation for complaining of racial discrimination which is

prohibited by 42 U.S.C. § 1981.

27.     As the direct result of Defendant's actions, Plaintiff suffered injury in the form of dignitary harm and suffering and lost earnings and benefits past, present and continuing into the future for which Plaintiff is entitled to compensation.

28.     Because the actions of the Defendant were carried out by managerial level employees and were in willful violation of Plaintiff's rights, Plaintiff is entitled to an award of punitive damages.

**WHEREFORE**, Plaintiff prays that judgment be entered in his favor on Count II of the Complaint herein.

### COUNT III

Plaintiff incorporates all prior allegations and further alleges:

29.     Defendant's actions described about constitute harassment and the creation of a hostile work environment based on race. This is a form of racial discrimination prohibited by the OADA.

30.     The actions described about constitute discrimination based on race both in the form of disparate treatment and pay and are racial discrimination prohibited by the OADA.

31.     The actions described about, including in particular Plaintiff's termination, were also in retaliation for complaining of racial discrimination which is prohibited by the OADA.

32.     As the direct result of Defendant's actions, Plaintiff suffered injury in the form of lost earnings and benefits past, present and continuing into the future for which Plaintiff is entitled to compensation.

33.     Plaintiff is entitled to liquidated damages upon the showing of a violation of the OADA, but if further showing was necessary, liquidated damages are appropriate because the actions of Defendant were carried out by managerial level employees and were in willful violation of Plaintiff's rights, Plaintiff is

entitled to an award of punitive damages.

**WHEREFORE**, Plaintiff prays that judgment be entered in his favor on Count III of the Complaint herein.

## <u>PRAYER</u>

**WHEREFORE** Plaintiff prays that this Court enter judgment in favor of Plaintiff and against Defendant on all of the Counts herein but Plaintiff does not seek double recovery for his injuries. Rather Plaintiff prays that the jury assess actual damages including lost earnings and other nonpecuniary and compensatory damage, punitive damages together with pre- and postjudgment interest, liquidated damages, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS <u>11th</u> DAY OF JUNE 2018.**

S/Mark Hammons
HAMMONS, GOWENS, HURST
& ASSOCIATES
Mark Hammons OBA # 3784
325 Dean A. Mcgee
Oklahoma City, Ok 73102
(405) 235-6100
Fax: (405) 236-6111
email: amberashby@hammonslaw.com
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED